IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ANDREWS,
    Plaintiff

v.

FRANKLIN TENNIS, et al.,
    Defendants

: CIVIL NO. 1:09-CV-1190
:
: (Judge Caldwell)
:
:

FILED
MAR 1 6 2012
PER_____
HARRISBURG,    DEPUTY CLERK

## MEMORANDUM

### I. Introduction

On June 23, 2009, Plaintiff Robert Andrews, an inmate housed at the Rockview State Correctional Institution (SCI-Rockview), in Bellefonte, Pennsylvania, filed this pro se civil rights action asserting medical, failure-to-protect, and retaliation claims. Earlier we resolved the Defendants' Motion to Dismiss by dismissing all claims except for the retaliation claim against Sgt. Mitchell, CO Davis, CO Rice and CO Hunter. See Doc. 38, Order.

Presently before the court is Defendants' motion for summary judgment on the retaliation claim. Defendants' motion to summary judgment will be granted because Plaintiff has failed to exhaust administrative remedies.

### III. Standard of Review

Fed. R. Civ. P. 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010). A fact is material if proof of its existence or nonexistence might affect the outcome of the

suit under the applicable substantive law. *Haybarger v. Lawrence Cnty. Adult Prob. & Parole,* 667 F.3d 408, 412 (3d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 2510, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

At summary judgment the moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). Under Fed. R. Civ. P. 56(e), the opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *See Martin v. Godwin,* 499 F.3d 290, 295 (3d Cir. 2007). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (internal quotation marks omitted); *NAACP v. North Hudson Reg'l Fire & Rescue,* 665 F.3d 464, 476 (3d Cir. 2011).

III.  *Background*

The record evidence, viewed in the light most favorable to the non-moving party, reveals the following.[1]  Robert Andrews was housed on SCI-Rockview's A block, in cell 1015, from December 10, 2008, through June 23, 2009 (the date the Complaint was filed), except for December 13-15, 2008, when he was housed in cell 1005.  See Doc. 54, Defs.' Statement of Material Facts (DSMF) at ¶ 3.  At all times relevant to this action, CO Brian Davis, CO Jeremy Rice, CO Floyd Hunter and Sergeant (Sgt.) Michael Mitchell were employees of SCI-Rockview and worked the 6:00 a.m. to 2:00 p.m. shift on A block.  *Id.* at ¶ 2.

On December 30, 2008, Andrews filed Grievance No. 255993, complaining that every weekday morning the Defendants failed to open his cell door for morning medication lines and "cane and crutch" lines.  *Id.* at ¶4; *see also* Doc. 55-3, Grievance No. 255993.  Grievance No. 255993 does not allege that Defendants' motives for their actions were retaliatory in nature.  *See* Doc. 55-3.  Major Snedeker answered Grievance No. 255993.  DSMF at ¶6; *see also* Doc. 55-4, Initial Review Response to Grievance No. 255993.  Major Snedeker responded that after reviewing the grievance with the housing unit officers they admitted that they had "forgotten . . . on a couple of occasions" to open Andrews' cell door.  Doc. 55-4.  Andrews was advised that "[i]f you have a problem similar to this in the future please address it to [Major Snedeker] in a request slip form and [he would] try and

---

[1] All material facts set forth in defendants' Statement of Material Facts (doc. 54) are deemed admitted as Andrews failed to file a counter-statement as required by M.D. Local Rule 56.1.

-3-

resolve [Andrews'] issue." *Id.* Andrews never appealed Major Snedeker's response. DSMF at ¶10; *see also* Doc. 55-7, Rackovan Decl. at ¶ 15. Andrews never filed a grievance subsequent to No. 255993 involving Mitchell, Rice, Hunter or Davis. DSMF at ¶11; *see also* Doc. 55-7, Rackovan Decl. at ¶ 16. According to Department of Corrections records, Andrews never appealed any of his grievances to final review at the Secretary's Office of Grievance and Appeals. Doc. 55-7, Rackovan Decl. at ¶17.

IV.   *Discussion*

Under the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002). There is no "futility" exception to the administrative exhaustion requirement. *Ahmed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002) (citing *Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000)). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in the procedural default of a claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil-rights action. *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (per curiam) (nonprecedential) (citing

*Ahmed*, 297 F.3d at 209 and n. 9).

Retaliation is a separate claim and prisoners must raise a specific claim of retaliation in their prison grievance in order to exhaust administrative remedies. *See Boyd v. United States,* 396 F. App'x 793, 796 (3d Cir. 2010) (nonprecedential) ("[T]o pursue a claim in federal court based on retaliation, [a prisoner] must first have exhausted administrative remedies for that claim."); *see also Hoffenberg v. Provost*, 154 F. App'x 307, 311 (3d Cir. 2005) (nonprecedential) (retaliation claim must be presented and exhausted as separate claim from underlying assault claim). The exhaustion requirement is mandatory and cannot be excused for "'sensitive' subject matter or 'fear of retaliation . . .'" *Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 113 (3d Cir. 2008) (nonprecedential).

The Department of Corrections (DOC) has an Inmate Grievance Review System codified at DC-ADM 804. *Id.* at ¶19. This grievance policy provides an administrative remedy procedure through which inmates can seek resolution of problems. *Id.* at ¶ 20. If informal resolution fails, the grievance policy provides a three-step process for resolution of inmate grievances; the initial grievance, the appeal to the Superintendent, and the final appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). *Id.* at ¶21. The DOC's Inmate Handbook provides inmates with notice of the grievance policy and the exhaustion requirements they must adhere to when grieving their issues through the grievance policy. *Id.* at ¶ 22; *see Booth v. Churner,* 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining the DOC's grievance review process).

The undisputed record reveals several fatal flaws to Andrews' ability to pursue his retaliation claim against CO Davis, CO Rice, CO Hunter and Sgt. Mitchell. Initially, a review of the only grievance he filed against these defendants is devoid of any claim of retaliation, or any facts from which such a claim can be inferred. *See* Grievance No. 255993. Secondly, even if such a claim were to be found within the grievance, Andrews failed, without excuse or explanation, to appeal the grievance to final review, SOIGA.

The record before the court as to Andrews' exhaustion efforts as to the sole surviving claim (retaliation) is clear and uncontested. Plaintiff failed to properly exhaust his administrative remedies before filing this action, and thus the defendants are entitled to summary judgment. *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (nonprecedential).

We will issue an appropriate order.[2]

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 16, 2012

---

[2] Because Plaintiff has not exhausted his administrative remedies, there is no need for this court to address Defendants' alternative bases for summary judgment.

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ANDREWS,
    Plaintiff

v.

FRANKLIN TENNIS, *et al.*,
    Defendants

CIVIL NO. 1:09-CV-1190

(Judge Caldwell)

## *ORDER*

AND NOW, this 16th day of March, 2012, in accordance with the accompanying Memorandum, it is ordered that:

    1. Defendants' Motion for Summary Judgment (Doc. 52) is granted.

    2. The Clerk of Court is directed to enter judgment in favor of defendants CO Davis, CO Rice, CO Hunter and Sgt. Mitchell, and against Plaintiff.

    4. The Clerk of Court shall close this file.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge



FILED
MAR 1 6 2012
PER
HA...    DEPUTY CLERK